UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

2700 WINTER, LLC,

     Plaintiff,

    v.                                             Case No.: 25-cv-837

JAMES W. PAINE,
JASON SERCK, and
CITY OF SUPERIOR,

     Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

**INTRODUCTION**

     Plaintiff, 2700 Winter, LLC, filed its Complaint in state court, asserting claims pursuant to 42 U.S.C. § 1983 against Defendants, City of Superior Mayor James W. Paine, City of Superior Planning, Economic, and Port Director Jason Serck, and the City of Superior.  Specifically, Plaintiff alleges that Defendants violated its procedural due process rights by not placing its application for a zoning change on the City of Superior Planning Commission's agenda.  Plaintiff also appears to be asserting a state law intentional interference with contract claim that it has labeled as being brought pursuant to Section 1983.  Plaintiff's lawsuit, however, must be dismissed because it cannot bring a procedural due process claim when an adequate state law remedy exists and it cannot use Section 1983 as a vehicle for asserting state law tortious interference with contract claim.  Plaintiff's lawsuit must be dismissed.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A plaintiff cannot survive dismissal by making conclusory allegations that the elements of a claim have been satisfied. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.*, and "a plaintiff's obligations to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 129 S. Ct. at 1954.

## FACTUAL ALLEGATIONS[1]

Plaintiff is a Wisconsin limited liability company. Compl., ¶ 1. Sometime in 2024 Plaintiff requested a zoning change for its property located at 2700 Winter Street, in the City of Superior. *Id.* at ¶ 5. Plaintiff purchased that property intending to use it for a concrete plant and automated

---

[1] While the facts in the Complaint must be relied upon in bringing this motion to dismiss, Defendants do not admit any of the allegations and reserve the right to contest the same in the future.

truck wash. *Id.* at ¶ 6. The property is zoned as "Waterfront" which prohibits the use of the property as a concrete plant and truck wash. *Id.* at ¶ 7. In June 2024, Plaintiff submitted an application for a zoning change with the City Planning Commission to change the Waterfront zoning to M2 which would allow the construction and operation of a concrete plant and truck wash. *Id.* at ¶¶ 9-10. Plaintiff alleges that since the submission of that application the City Planning Commission has "refused to place this application on the agenda or provide 2700 Winter LLC an opportunity to be heard on the application." *Id.* at ¶ 11.

Plaintiff also alleges that it approached the owner of a neighboring property located at 3301 Belknap Street to begin negotiations to purchase that real estate, which was zoned M2. *Id.* at ¶ 13-14. Plaintiff alleges that Serck and Paine reached out to the owner of the 3301 Belknap Street property and persuaded the owner not to sell the property to Plaintiff. *Id.* at ¶¶16-19.

Plaintiff alleges that Defendants violated its right to procedural due process by intentionally not placing its application for a zoning change on the City Planning Commission's agenda. *Id.* at ¶¶ 20-24. Plaintiff also alleges the Defendants interfered with its ability to enter into a real estate purchase agreement with the owner of 3301 Belknap Street and have labelled this claim as "Violation of 42 U.S.C. § 1983 – Intentional Interference of Contract." *Id.* at ¶¶ 25-27. Plaintiff seeks unspecified damages and injunctive relief. *Id.* at p. 6.

## ARGUMENT

**I.  PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM FAILS AS A MATTER OF LAW BECAUSE IT HAS AN ADEQUATE STATE LAW REMEDY IN THE FORM OF AN ACTION FOR MANDAMUS.**

To state a claim for violation of procedural due process, a plaintiff must plead "a deprivation by state action of a protected interest in life, liberty, or property," and "inadequate state process." *Sherwood v. Marchiori*, 76 F.4th 688, 696 (7th Cir. 2023). "In *Parratt v. Taylor*, 451

U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), the Supreme Court held that unauthorized deprivation of property without adequate pre-deprivation procedures does not give rise to a constitutional violation of the right to procedural due process where the state provides adequate post-deprivation remedies." Long v. City of Marengo, Case No. 93 C 20167, 1994 U.S. Dist. LEXIS 288, at *9 (N.D. Ill. Jan. 6, 1994). "In *Hudson v. Palmer*, 468 U.S. 517, 533, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984), *Parratt* was applied to intentional deprivations of property as well." *Id.*

To be adequate, a state remedy must "offer meaningful redress for the particular injury suffered by the plaintiff." *Sherwood*, 76 F.4th at 696. Plaintiff pleads that Defendants violated its right to procedural due process by "refusing to act" on its application for a zoning change. Compl., ¶ 22. However, Plaintiff's appropriate recourse for challenging a state official's refusal to act is a state law action for mandamus, not a Section 1983 procedural due process claim. Under Wisconsin law, when appropriate, a writ of mandamus can be used to compel the performance of an official act. *Vretenar v. Hebron*, 144 Wis. 2d 655, 661, 424 N.W.2d 714, 716 (1988). More specifically, "[a] writ of mandamus is a discretionary writ that is issued to compel the performance of a particular act by a lower court or governmental officer or body." *Klein v. Wis. Dep't of Revenue*, 2020 WI App 56, ¶ 36, 394 Wis. 2d 66.

The Seventh Circuit has "often cited mandamus as an adequate post-deprivation remedy available under state law." *Sherwood*, 76 F.4th at 696. Courts have held that a mandamus action under state law is an adequate remedy to redress claims that they have been wrongly denied a zoning change or permit or other benefit. *See Scott v. McCaughtry*, 810 F. Supp. 1015, 1019-20 (E.D. Wis. 1992) ("[S]tate law mandamus procedures supplied an adequate remedy where the plaintiffs alleged they were denied a building permit by random and unauthorized actions taken by

4

the defendants."); *Cleven v. Soglin*, 903 F.3d 614, 617-18 (7th Cir. 2018) (holding that a writ of mandamus is a sufficient state law remedy for purposes of due process when a city did not report the plaintiff's hours and earnings to the Wisconsin Retirement System); *Robertson v. City of Plano*, No. 97 c 5718, 1999 U.S. Dist. LEXIS 8921, at *24-25 (N.D. Ill. June 8, 1999) ("[T]he Seventh Circuit has held that a due process claim based on a state or municipality's random and unauthorized denial of a building permit application will not lie where the state provides an adequate post deprivation remedy . . . in the form of a mandamus action."). Similar to the claims here, the Seventh Circuit has explained that a party cannot bring a claim for a violation of due process when it can seek a writ of mandamus under Wisconsin law to force a town to act on an outstanding building permit application. *See CEnergy-Glenmore Wind Farm #1, LLC v. Town of Glenmore*, 769 F.3d 485, 489 (7th Cir. 2014) ("Nor did CEnergy take advantage of another potential option under state law: seeking a writ of mandamus to force the town to act on the permit applications. Wisconsin courts may under some circumstances issue writs of mandamus to compel the issuance of building permits.").

"The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies." *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003). As explained above, to state a claim for violation of its procedural due process right, a plaintiff must allege that its state remedies are inadequate. *Kauth v. Hartford Ins. Co.,* 852 F.2d 951, 955-56 (7th Cir. 1988). Plaintiff does not plead that its state remedies are inadequate or explain why an action in mandamus could not provide it with the relief it seeks. Plaintiff has an adequate state remedy to address Defendants' alleged refusal to act on its application for a zoning change in the form of an action for mandamus. The existence of this remedy requires the Court to dismiss Plaintiff's procedural due process claim.

## II. PLAINTIFF CANNOT BRING A SECTION 1983 CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT.

Plaintiff asserts what appears to be a common law claim for intentional interference with contract. However, it labels this claim as a "violation of 42 U.S.C. § 1983." Compl., p. 5. "Section 1983 does not create any substantive rights; rather, it is only a vehicle by which violations of the United States Constitution and selected federal statutes may be redressed." *Carter v. Bd. of Educ. Champaign Cmty. United Sch. Dist. #4*, No. 05-2162, 2005 U.S. Dist. LEXIS 56330, at *9 (C.D. Ill. Dec. 6, 2005). Accordingly, to state a claim under Section 1983, "a plaintiff must plausibly allege that he was deprived of a constitutional right or a right secured by federal law, and that the alleged deprivation was committed *under color of state law*." *Mu Bey v. SSA*, No. 23-cv-2721, 2025 U.S. Dist. LEXIS 107831, at *4-5 (N.D. Ill. June 6, 2025). "Section 1983 protects plaintiffs from constitutional violations, not violations of state laws." *Ritz v. Lake Cty.*, No. 08 C 5026, 2010 U.S. Dist. LEXIS 50530, at *12 (N.D. Ill. May 21, 2010).

Plaintiff cannot use Section 1983 as a vehicle to bring a federal cause of action against Defendants for allegedly committing the state law tort of intentional interference with contract. *See Dean v. Dunlap Cmty. Unit Sch. Dist. #323*, No. 11-CV-1194, 2011 U.S. Dist. LEXIS 153645, at *5-6 (C.D. Ill. Nov. 7, 2011) (delineating between a federal claim for denial of property without due process of law and state law intentional interference with contract). Because Plaintiff has not stated a claim under federal law for a violation of procedural due process, and its claim for intentional interference with contract sounds only in state law, the Court should dismiss Plaintiff's second cause of action for intentional interference with contract without prejudice. *See A.M.C. v. Sch. Dist. of La Crosse*, No. 18-cv-175-bbc, 2018 U.S. Dist. LEXIS 167068, at *17 (W.D. Wis. Sep. 28, 2018) (citing 28 U.S.C. § 1367(c)(3)) (explaining that "the general rule is that federal

courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial").

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant their motion to dismiss for failure to state a claim upon which relief can be granted and dismiss Plaintiff's Complaint.

Dated this 9th Day of October, 2025.

                                              STADLER SACKS LLC
                                              Attorneys for Defendants

                                              By: /s/ *Ronald S. Stadler*
                                                   Ronald S. Stadler
                                                   State Bar No. 1017450
                                                   Jonathan E. Sacks
                                                   State Bar No. 1103204

303 – B North Main Street
West Bend, WI  53095
Telephone: 262-304-0610
e-mail:  rss@stadlersacks.com
         jes@stadlersacks.com