IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

2700 WINTER, LLC,

                Plaintiff,

    v.                                      OPINION and ORDER

JAMES W. PAINE, JASON SERCK, and              25-cv-837-jdp
CITY OF SUPERIOR,

                Defendants.

---

Plaintiff 2700 Winter, LLC purchased property at 2700 Winter Street in Superior, Wisconsin. It planned to build a concrete plant and automated truck wash there. The property was zoned W1 as a waterfront district, which would have prevented 2700 Winter from using it as it intended. So in June 2024, 2700 Winter filed a petition with Superior's Planning and Zoning Commission to rezone its property to M2 for manufacturing.

2700 Winter alleges that the mayor of Superior, defendant James W. Paine, and the director of the city's planning department, defendant Jason Serck, ordered the Commission not to place 2700 Winter's petition on the Commission's agenda for its meeting, and that the Commission has refused to consider its petition. 2700 Winter brings a state-law tort claim and asserts that defendants violated its rights due to process under the Fourteenth Amendment.

Defendants move to dismiss 2700 Winter's amended complaint for failing to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that 2700 Winter has an adequate remedy under state law—a writ of mandamus—and thus its due process claim fails.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). The court accepts the factual

allegations in the complaint as true and draws all reasonable inferences from those facts in plaintiff's favor. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018). The question here is whether defendants' stonewalling of the rezoning application violated 2700 Winter's Fourteenth Amendment due process rights.

The Fourteenth Amendment prohibits the government from depriving individuals of their property without due process. *Mann v. Calumet City*, 588 F.3d 949, 952 (7th Cir. 2009). To state a due process claim, a plaintiff must allege facts showing: (1) the government deprived the plaintiff of a protected interest; and (2) the procedural protections surrounding the government's deprivation were insufficient. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). It's not clear that 2700 Winter has a property interest in the M2 zoning classification. But all agree that 2700 Winter has a property interest in the land it purchased in Superior. And, assuming the truth of the allegations in the complaint, 2700 Winter was deprived of the opportunity to have its rezoning application heard by the Planning and Zoning Commission. That, in effect, deprives 2700 Winter of the full use of its property. So the question is whether 2700 Winter was afforded adequate process.

The answer comes from the court of appeals in *River Park, Inc. v. City of Highland Park*, 23 F.3d 164 (7th Cir. 1994), which also involved municipal stonewalling of a rezoning application. The federal courts are not boards of zoning appeals. *River Park, Inc.*, 23 F.3d at 165. The process due in zoning cases is minimal. *Id*. at 166. Critically, even if the property owner doesn't get all the process afforded under state law, the Fourteenth Amendment does not require state or local governments to adhere to their own procedures. *Id.* Accordingly, in zoning cases, "the only procedural rules at stake are those local law provides, and these rules must be

vindicated in local courts." *Id.* at 167. 2700 Winter's sole remedy, as in *River Park*, is a petition for a writ of mandamus from a state court.

The parties devote most of their briefing to the question of whether there are adequate post-deprivation remedies, applying the principles in *Zinermon v. Burch*, 494 U.S. 113 (1990). *See* Dkt. 11, at 4–10; Dkt. 15, at 4–6. But in *River Park* the court of appeals explained that the principle that zoning disputes must be resolved in state court does *not* derive from the *Zinermon* rule about random and unauthorized violations.

2700 Winter has not stated a claim for violation of its Fourteenth Amendment right to due process.

CONCLUSION

The court will dismiss 2700 Winter's federal claim, but its state-law claim for tortious intentional interference of contract remains. There is no diversity of citizenship among the parties, so the court's jurisdiction over the state-law claim is based only on supplemental jurisdiction under 28 U.S.C. § 1367. Generally, federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). In unusual cases, the balance of judicial economy, convenience, fairness, and comity will warrant the exercise of jurisdiction. *See Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

This is not such a case. 2700 Winter alleges that it tried to purchase a different property, which was zoned as a manufacturing district, but city officials convinced the owner of that property not to sell. Those allegations are entirely separate from 2700 Witner's due process claim, so there's no efficiency to be gained by this court keeping the case.

2700 Winter initially brought this case in state court, but defendants removed it here on the basis of the federal claim. Dkt. 1. Now that the court has disposed of that claim, the court will remand the case to 2700 Winter's chosen forum.

ORDER

IT IS ORDERED that:

1.  Defendants James W. Paine, Jason Serck, and City of Superior's motion to dismiss plaintiff 2700 Winter's amended complaint, Dkt. 10, is GRANTED.

2.  This case is REMANDED to state court for consideration of 2700 Winter's tortious intentional interference of contract claim.

Entered May 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge